# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2026

Lyle W. Cayce
Clerk

No. 25-40653

Howard Lawrence Ellsworth, III; Theresa Lynn Ellsworth,

*Plaintiffs—Appellants*,

*versus*

Allan Marx, *VA Police Officer*; Michael E. Dvorak, *VA Police Officer*; Gregory Wilson, *VA Police Officer*; Darrin W. Tanner, *VA Police Officer*; Maurine Henry, *Executive Assistant at the VA*; Jason Cave, *J.D., Executive Director of the VA*; Wendell Jones, *Network Director for VISN 17*; Kendrick Brown, *was Acting Executive Medical Director in 2022*; United States of America,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:25-CV-692

Before Stewart, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40653

Howard Lawrence Ellsworth, III and Theresa Lynn Ellsworth seek to proceed in forma pauperis (IFP) on appeal from the dismissal of their complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act (FTCA), and 42 U.S.C. § 1985(3). Moving to proceed IFP on appeal constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because they will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The Ellsworths argue that the district court erred in applying res judicata to their First Amendment retaliation claim because the *Bivens* claim had not yet accrued when they filed their previous FTCA medical malpractice case. However, *Bivens* relief was not denied under the doctrine of res judicata; rather, only their FTCA claims against the United States were deemed barred by the doctrine of res judicata. Because the Ellsworths do not meaningfully brief and challenge the district court's reasons for dismissing their FTCA claims against the United States, the claims are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Nor do they meaningfully address the district court's analysis regarding the remainder of their claims, and these claims are also deemed abandoned. *See id.*

The Ellsworths have failed to show a nonfrivolous issue with respect to the district court's dismissal of their civil action. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Their motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.